# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

―――――――

No. 14-60520
Summary Calendar

―――――――

United States Court of Appeals
Fifth Circuit

**FILED**

June 26, 2015

Lyle W. Cayce
Clerk

RIZWAN RAHIM-MOMIN, also known as Rizwan Rahim,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

―――――――――――

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 943 143

―――――――――――

Before DAVIS, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Rizwan Rahim-Momin, a native and citizen of India, entered the United States illegally and was ordered removed. Rahim-Momin petitions for review of an order of the Board of Immigration Appeals (BIA), upholding the Immigration Judge's (IJ's) determination that Rahim-Momin was not entitled to asylum, withholding of removal, or protection under the Convention Against Torture (CAT), because his claims were not credible and, alternatively, lacked

―――――――――――

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

merit.   He asserts he explained many of the omissions from his written application and the discrepancies between his testimony and application.  He also contends his credible testimony establishes he more likely than not will be persecuted and tortured based upon his race and political opinion upon return to India.

Only the BIA's decision is reviewed, "unless the IJ's decision has some impact on" that decision.  *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  Review of the factual determination that an alien is not eligible for asylum, withholding of removal, or CAT relief is for substantial evidence.  *E.g., Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).  Under this standard, we may not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it".  *Wang*, 569 F.3d at 537 (citation omitted).  Furthermore, an adverse credibility determination may be supported by "*any* inconsistency or omission", provided "the totality of the circumstances establishes that an asylum applicant is not credible".  *Id.* at 538 (emphasis in original) (internal citation and quotation marks omitted).

The evidence does not compel a conclusion contrary to that reached by the IJ and BIA regarding either petitioner's credibility or his eligibility for asylum, withholding of removal, or protection under the CAT.

DENIED.